**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
                                    )
         v.                )      I.D. No. 1802012108
                                    )
DERRICK CAUDLE,       )
                                    )
     Defendant.        )

Submitted: April 15, 2025
Decided:  May 20, 2025

## ORDER

This  20th day of May, 2025, upon consideration of Defendant Derrick Caudle's ("Caudle") Motion for Correction of Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1.      Caudle was indicted on the charges of Murder in the First Degree, Possession of a Firearm during the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited.  He pled guilty to a reduced charge of Murder in the Second Degree and PFDCF.[2]  The State agreed to cap its sentencing recommendation at 20 years at Level V which was two years over the minimum

---

[1] D.I. 42

[2] D.I. 18.

mandatory sentence required by law.[3]  The Court sentenced Caudle to 19 years of unsuspended time at Level V, followed by decreasing levels of supervision.

2.    Caudle moves for correction of an illegal sentence based, in part, on *Erlinger v. United States*[4] and its predecessors.[5]  He raises three claims for relief, all of which are manifestly without merit.  First, he claims that his Indictment was insufficient because it failed to state the essential facts of the offenses charged.[6]  Second, he claims his sentence was illegally enhanced because the Sentencing Judge invaded the province of the jury by sentencing him to one year over the minimum mandatory sentence authorized by law.[7]  Finally, he claims his right to be protected from double jeopardy was violated when the Sentencing Judge punished him for the "pretend offenses" of the SENTAC aggravating factors of "undue depreciation of the crime, criminal history, lack of amenability, and more or less factors."[8]  Also, he claims the decreasing levels of supervision constitute additional punishments for the same offenses.[9]

3.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[10]  A sentence is illegal if it violates double jeopardy, is

---

[3] *Id.*
[4] 602 U.S. 821 (2024).
[5] D.I. 42.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Super. Ct. Crim. R. 35(a).

ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[11] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[12]

4.      Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed. Nor, need the Court determine whether *Erlinger* has retroactive effect. The Court need only consult the Indictment, the Plea Agreement, and the Sentencing Order to determine Caudle is not entitled to relief under either interpretation of the motion.

5.      Caudle first argument is that the Indictment is defective. The second degree murder charge, as amended, reads, "Derrick Caudle, on or about the 18th day of February, 2018, in the County of New Castle, State of Delaware, did recklessly cause the death of Todd Dorn by shooting him, circumstances which manifested a cruel wicked, and depraved indifference to human life."[13] The PFDCF charge reads:

> Derrick Caudle, on or about the 18th day of February, 2018, in the County of New Castle, State of Delaware, did knowingly and unlawfully possess a firearm as defined by Title 11, Section 222 of the Delaware Code of 1974, as

---

[11] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[12] Super. Ct. Crim. R. 35(a) and (b).
[13] Indictment, Count I.

3

amended, during the commission of Murder Second Degree as set forth in Count I of this Indictment which is incorporated herein by reference.[14]

In his challenge to the Indictment, Caudle fails to inform the Court just what he thinks is missing from the Indictment. In fact, nothing is missing. Both counts of the Indictment contain a plain a "plain, concise and definitive written statement of the essential facts constituting the offense charged."[15]

6.      Caudle second argument is that his sentence was illegally enhanced in violation of *Erlinger* and its predecessors. *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[16]

7.      In Caudle's case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. It simply sentenced him within the statutory range, albeit outside of the sentencing guideline by one year on one charge. But, Delaware Supreme Court case law firmly supports the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[17] Caudle

---

[14] Indictment, Count II.
[15] Super. Ct. Crim. R. 7(c)(1).
[16] *Erlinger* 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111-113)
[17] *See, Siple v. State,* 701 A.2d, 79.

4

was sentenced within the statutorily authorized range. Thus, *Erlinger* and similar cases are not implicated.

8.  Finally, Caudle makes a double jeopardy argument. It is apparent he misunderstands the concept. Generally, double jeopardy is implicated when a defendant has been formerly prosecuted for the same offense.[18] It is also implicated when a defendant is charged under two different statutes and "the question is whether, both sections being violated by the same act, the accused committed two offenses or only one."[19] The inquiry is "whether each provision requires proof of a fact which the other does not."[20] Cumulative punishment, "on separate convictions under different statutes is presumptively valid and does not violate the prohibition against double jeopardy if the statutes define distinct offenses."[21] The Court relies on 11 *Del. C.* § 206 to determine if an inquiry into each statute demonstrates requirement of proof that "at least one element [in the statute] is not required to prove the other[]."[22] That section allows for the prosecution of a defendant for more than one offense when the same conduct establishes more than one offense.[23] A defendant may not be convicted of more than one offense if: (1) one offense is included in the

---

[18] 11 *Del. C.* § 207.
[19] *White v. State,* 243 A.3d 381, 397 (Del. 2020).
[20] *Id.*
[21] *Id.*
[22] *Id.* at 397-98.
[23] 11 *Del. C.* § 206(a).

5

other; (2) one offense is only an attempt to commit the other; or (3) inconsistent findings of fact are required to establish the commission of the offenses.[24]

9. In Caudle's case, SENTAC aggravating factors are not separate offenses, but simply factors a sentencing judge may consider in determining the proper sentence within the statutory range of punishments. A finding that aggravating factors exist no more implicates double jeopardy considerations than a finding that mitigating factors exist. Neither constitute separate offenses. Similarly including descending levels of supervision within the sentencing range are not separate punishments for the same offense. They are portions of a single sentence authorized by law.

**THEREFORE**, Defendant Derrick Caudle's Motion to Correct Illegal Sentence is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary
Department of Justice
Derrick Caudle (SBI #00853176)
ISO

---

[24] 11 *Del. C.* § 206(a)(1)-(3).